UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

ROBERT C. CRUTCHFIELD,                )
                                      )
            Plaintiff,                )
                                      )
      v.                              )    No. 2:08-CV-66-JCH
                                      )
UNKNOWN MORZOLF, et al.,              )
                                      )
            Defendants.               )

**ORDER AND MEMORANDUM**

This matter is before the Court upon the application of Robert C. Crutchfield (registration no. n/a) for leave to commence this action without payment of the required filing fee.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six month period. See 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. See

28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period preceding the receipt of his complaint. See 28 U.S.C. § 1915(a)(1),(2). A review of plaintiff's account statement indicates an average monthly deposit of $00.00. Accordingly, the Court will not assess an initial partial filing fee at this time.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton

v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## The complaint

Plaintiff, an inmate at the Randolph County Justice Center, seeks monetary and injunctive relief in this action brought pursuant to 42 U.S.C. § 1983.

A review of the instant complaint [Doc. #1] and motions to amend the complaint [Docs. #4 and #5] indicates that although plaintiff may be able to assert non-frivolous claims for violations of his constitutional rights, the complaint and additional information are deficient in that it is unclear to the Court in what capacity plaintiff is suing each of the named defendants.

Taking into consideration the fact that plaintiff is proceeding pro se, the Court will grant him time to file an amended complaint in accordance with the instructions set forth below. Plaintiff is advised that his amended complaint will take the place of his original complaint and motions to amend and will be the only complaint that this Court will review.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's motions to amend the complaint [Docs. #4 and #5] are **DENIED** as moot, given that the

Court is affording plaintiff an opportunity to file an amended complaint.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint at this time.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint within thirty (30) days from the date of this Order. In the amended complaint, plaintiff shall complete in its entirety the court-provided form for filing a complaint in federal court.[1] Specifically, in the "Caption" on page 1 of the form complaint, where plaintiff is instructed to enter on the blank lines the full names of all defendants in this action, plaintiff must write the name of each and every defendant he wishes to sue; and in the "Statement of Claim," he shall set forth as to each defendant who is named in the "Caption" the specific factual allegations supporting his claim against the particular defendant, the capacity in which he is suing each defendant, and the specific Constitutional rights that he claims each defendant violated. If plaintiff needs additional space to list the names of all the defendants or to set out his claims against each defendant, he must attach additional sheets of paper to the amended complaint and clearly identify them as part of his "Caption" or "Statement of Claim." Plaintiff is advised that his amended complaint will

---

[1] The Court will instruct the Clerk of Court to provide plaintiff with the proper form.

supersede his original complaint and will be the only complaint this Court reviews.

**IT IS FURTHER ORDERED** that, in addition to a copy of this Order, the Clerk shall forward to plaintiff the court-provided form for a prisoner to file a "Complaint Under The Civil Rights Act, 42 U.S.C. § 1983."

**IT IS FURTHER ORDERED** that plaintiff's failure to amend his complaint in accordance with this Court's instructions will result in dismissal of this action, without prejudice. See Edgington v. Missouri Department of Corrections, 53 F.3d 777, 779 (8th Cir. 1995).

**IT IS FURTHER ORDERED** that upon the filing of the amended complaint, the Clerk shall resubmit this action to the Court for review pursuant to 28 U.S.C. § 1915(e)(2)(B).

Dated this 26th day of January, 2009.

/s/ Jean **C. Hamilton**
**UNITED STATES DISTRICT JUDGE**