UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

ROBERT C. CRUTCHFIELD, )
 )
    Plaintiff(s), )
 )
vs. ) Case No. 2:08CV66 JCH
 )
MARK NICHOLS, et al., )
 )
    Defendant(s). )

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants Mark Nichols and Steve Holman's ("Defendants") Motion to Dismiss, filed June 16, 2009. (Doc. No. 30). Plaintiff Robert C. Crutchfield did not respond to the motion.[1]

## BACKGROUND[2]

At all times relevant hereto, Plaintiff Robert C. Crutchfield ("Plaintiff") was confined to the Randolph County Justice Center in Huntsville, Missouri. (Doc. No. 7, Plaintiff's Amended Complaint ("Complaint" or "Compl."), P. 1). According to Plaintiff, Defendant Mark Nichols was the Sheriff of Randolph County, and Defendant Steve Holman was the Jail Administrator of the Huntsville jail. (Id., P. 3).

Plaintiff alleges that while he was confined at the Randolph County Jail, he slipped in the shower and sustained injuries to his neck, upper back, and left arm. (Compl., P. 6). Plaintiff was seen

---

[1] In an Order entered July 17, 2009, the Court granted Plaintiff until Friday, August 14, 2009, within which to respond to Defendants' Motion to Dismiss, and warned that failure to do so would result in the Court's ruling on Defendants' unopposed motion. (Doc. No. 33).

[2] The majority of the Court's background section is taken from Plaintiff's Complaint, to which Defendants have not yet filed an answer.

first by Defendant Nurse Geeneen Wilhite, and then by Defendant Doctor James Marzolf. (Id.). After several visits with Defendant Marzolf, Plaintiff alleges Defendant Marzolf ordered that an MRI be performed. (Id., P. 7). Dr. Marzolf allegedly stated the MRI would need to be approved by Defendants Holman and Nichols. (Id.).

According to Plaintiff, on December 9, 2008, Defendant Holman informed Plaintiff that he would not be sent out for the MRI requested by Dr. Marzolf, because the jail would not pay the high cost of the procedure. (Compl., PP. 7-8). Plaintiff then wrote to Defendant Nichols, explaining his medical condition, and in a response dated December 16, 2008, Defendant Nichols reiterated Defendant Holman's position that the jail would not pay for Plaintiff's treatment. (Id., P. 8).[3]

Plaintiff filed his original Complaint in this matter on December 19, 2008. (Doc. No. 1). In an Order entered January 26, 2009, the Court granted Plaintiff leave to file an Amended Complaint in which he was to, among other things, set forth the capacity in which each Defendant was being sued. (Doc. No. 6, P. 4). Plaintiff filed his Amended Complaint on February 11, 2009, indicating he was suing all Defendants, "in their own capacity." (Doc. No. 7, P. 12). In an Order entered February 27, 2009, the Court liberally construed Plaintiff's claims as against Defendants in their individual capacities, given that he failed to allege any official policy or custom. (Doc. No. 8, P. 1 n. 1).[4]

In his Amended Complaint, Plaintiff seeks damages pursuant to 42 U.S.C. § 1983, for alleged violations of his constitutional rights. (Doc. No. 7). With respect to Defendants Nichols and

---

[3] Plaintiff further maintains Defendant Nurse Wilhite spoke to Defendants Holman and Nichols on his behalf, but again they refused to approve the scheduling of the MRI. (Compl., P. 10).

[4] In light of this construction, the Court will deny the portion of Defendants' Motion to Dismiss asserting Plaintiff's Complaint must be dismissed for failure to allege any policy or custom on the part of Randolph County. (See Defendants' Motion to Dismiss, ¶ 5).

Holman, Plaintiff claims they violated his Fourteenth Amendment[5] rights by demonstrating deliberate indifference to his serious medical needs, when they refused to approve funding to permit Plaintiff to undergo the MRI ordered by Dr. Marzolf. (Doc. No. 7, PP. 7-10).

As stated above, Defendants filed the instant Motion to Dismiss on June 16, 2009, asserting Plaintiff's Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. (Doc. No. 30).

## STANDARD FOR MOTION TO DISMISS

In ruling on a motion dismiss, the Court must view the allegations in the complaint in the light most favorable to Plaintiff. Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008). The Court, "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). The Complaint's factual allegations must be sufficient "to raise a right to relief above the speculative level," however, and the motion to dismiss must be granted if the Complaint does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007) (abrogating the "no set of facts" standard for Fed.R.Civ.P. 12(b)(6) found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Furthermore, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing

---

[5] At the time of Defendants' alleged acts Plaintiff was a pretrial detainee at the Randolph County Justice Center, and thus his claims are analyzed under the Fourteenth Amendment's Due Process Clause, rather than the Eighth Amendment. See Bell v. Wolfish, 441 U.S. 520, 535 n. 16 (1979); Butler v. Fletcher, 465 F.3d 340, 344 (8th Cir. 2006). The Eighth Circuit repeatedly has applied the same standards to deliberate indifference claims, however, regardless of whether they arise under the Eighth or Fourteenth Amendment. Butler, 465 F.3d at 345.

Twombly, 550 U.S. at 555 (pleading offering only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not do)).

## **DISCUSSION**

As stated above, in his Complaint Plaintiff alleges Defendants Holman and Nichols demonstrated deliberate indifference to his serious medical needs, in violation of the Eighth Amendment. The Eighth Circuit has held that, "[t]he Eighth Amendment requires prison officials to provide humane conditions of confinement, and [o]ne condition of confinement is the medical attention given to a prisoner." Aswegan v. Henry, 49 F.3d 461, 463-64 (8th Cir. 1995) (internal quotations and citations omitted). "To establish that the defendants' conduct violated the Eighth Amendment's prohibition against cruel and unusual punishment, [Plaintiff] must demonstrate that the individual defendants were deliberately indifferent to his serious medical needs." White v. Boydston, 2007 WL 522312 at *5 (E.D. Mo. Feb. 14, 2007) (citations omitted).

> There is both an objective and subjective component to a claim of deliberate indifference. A plaintiff must demonstrate (1) that [he] suffered objectively serious medical needs[6] and (2) that the prison officials actually knew of but deliberately disregarded those needs.

Tlamka v. Serrell, 244 F.3d 628, 633 (8th Cir. 2001) (internal quotations and citation omitted). A prison official acts with the requisite deliberate indifference when that official, "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 1979, 128 L.Ed.2d 811 (1994).

---

[6] "Serious medical need has been defined as a medical need which has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." Wilson v. CMS Medical Services, 2007 WL 763092 at *5 (E.D. Mo. Mar. 9, 2007) (internal quotations and citations omitted).

Upon consideration, the Court finds Plaintiff's allegations against Defendants Holman and Nichols survive their motion to dismiss. The Court first notes that at this juncture, Defendants do not dispute Plaintiff suffered from an objectively serious medical need. Further, the Court finds that with his allegations that Defendants refused to approve funding for his MRI, Plaintiff succeeds in asserting Defendants knew of, but deliberately disregarded his serious medical need. Tlamka, 244 F.3d at 633. Defendants Holman and Nichols' Motion to Dismiss must therefore be denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Dismiss on Behalf of Mark Nichols and Steve Holman (Doc. No. 30) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants Nichols and Holman are granted until **Monday, September 21, 2009**, within which to file their Answer to Plaintiff's Amended Complaint.

Dated this 31st day of August, 2009.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE