UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| ROBERT C. CRUTCHFIELD, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 2:08CV66 JCH |
| ) | |
| MARK NICHOLS, et al., ) | |
| ) | |
| Defendant(s). ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Geeneen Wilhite's Motion to Dismiss, filed April 3, 2009. (Doc. No. 18). The matter is fully briefed and ready for disposition.

**BACKGROUND**[1]

At all times relevant hereto, Plaintiff Robert C. Crutchfield ("Plaintiff") was confined to the Randolph County Justice Center in Huntsville, Missouri. (Doc. No. 7, Plaintiff's Amended Complaint ("Complaint" or "Compl."), P. 1). According to Plaintiff, Defendant Wilhite was a nurse for the Randolph County Jail. (Id., P. 4).

Plaintiff alleges that while he was confined at the Randolph County Jail, he slipped in the shower on October 21, 2008, and sustained injuries to his neck, upper back, and left arm. (Compl., P. 6). Plaintiff originally was seen by Defendant Wilhite, who referred Plaintiff to be seen by Defendant Doctor James Marzolf. (Id.). Defendant Wilhite warned Plaintiff it might be several weeks before the doctor could see him. (Id.). Plaintiff eventually met with Defendant Marzolf, who prescribed a "dose pack." (Id.). When the dose pack failed to alleviate his symptoms, Plaintiff began

---

[1] The majority of the Court's background section is taken from Plaintiff's Complaint, to which Defendant Wilhite has not yet filed an answer.

filling out medical request forms and grievances, indicating his pain was increasing and his left arm was numb. (Id., P. 7).

Plaintiff alleges that in late November, 2008, he again met with Defendant Marzolf, who ordered that an MRI be performed. (Compl., P. 7). Dr. Marzolf allegedly stated the MRI would need to be approved by Defendants Steve Holman and Mark Nichols. (Id.).

According to Plaintiff, on December 9, 2008, Defendant Holman informed Plaintiff that he would not be sent out for the MRI requested by Dr. Marzolf, because the jail would not pay the high cost of the procedure. (Compl., PP. 7-8). Plaintiff then wrote to Defendant Nichols, explaining his medical condition, and in a response dated December 16, 2008, Defendant Nichols reiterated Defendant Holman's position that the jail would not pay for Plaintiff's treatment. (Id., P. 8).

Following the denials, Plaintiff alleges Defendant Nurse Wilhite saw him again "after a month or so," and informed Plaintiff she had spoken to Defendants Holman and Nichols on his behalf, but they again refused to approve the scheduling of the MRI. (Compl., PP. 9-10). Plaintiff finally alleges that he continued to fill out medical requests and grievances concerning his condition, but that both the medical requests and the grievances were ignored by all Defendants. (Id., PP. 10, 11).

Plaintiff filed his original Complaint in this matter on December 19, 2008. (Doc. No. 1). In an Order entered January 26, 2009, the Court granted Plaintiff leave to file an Amended Complaint in which he was to, among other things, set forth the capacity in which each Defendant was being sued. (Doc. No. 6, P. 4). Plaintiff filed his Amended Complaint on February 11, 2009, indicating he was suing all Defendants, "in their own capacity." (Doc. No. 7, P. 12). In an Order entered February

27, 2009, the Court liberally construed Plaintiff's claims as against Defendants in their individual capacities, given that he failed to allege any official policy or custom. (Doc. No. 8, P. 1 n. 1).[2]

In his Amended Complaint, Plaintiff seeks damages pursuant to 42 U.S.C. § 1983, for alleged violations of his constitutional rights. (Doc. No. 7). Specifically, Plaintiff claims Defendant Wilhite violated his Fourteenth Amendment[3] rights, by demonstrating deliberate indifference to his serious medical needs. As stated above, Defendant Wilhite filed the instant Motion to Dismiss on April 3, 2009, asserting Plaintiff's Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. (Doc. No. 18).

## STANDARD FOR MOTION TO DISMISS

In ruling on a motion dismiss, the Court must view the allegations in the complaint in the light most favorable to Plaintiff. Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008). The Court, "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). The Complaint's factual allegations must be sufficient "to raise a right to relief above the speculative level," however, and the motion to dismiss must be granted if the Complaint does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007) (abrogating the "no set of facts" standard for

---

[2] In light of this construction, the Court will deny the portion of Defendant Wilhite's Motion to Dismiss asserting Plaintiff's Complaint must be dismissed for failure to allege any policy or custom on the part of Randolph County. (See Defendant Wilhite's Motion to Dismiss, ¶¶ 7, 8).

[3] At the time of Defendants' alleged acts Plaintiff was a pretrial detainee at the Randolph County Justice Center, and thus his claims are analyzed under the Fourteenth Amendment's Due Process Clause, rather than the Eighth Amendment. See Bell v. Wolfish, 441 U.S. 520, 535 n. 16 (1979); Butler v. Fletcher, 465 F.3d 340, 344 (8th Cir. 2006). The Eighth Circuit repeatedly has applied the same standards to deliberate indifference claims, however, regardless of whether they arise under the Eighth or Fourteenth Amendment. Butler, 465 F.3d at 345.

Fed.R.Civ.P. 12(b)(6) found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Furthermore, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 555 (pleading offering only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not do)).

**DISCUSSION**

As stated above, in his Complaint Plaintiff alleges Defendant Wilhite demonstrated deliberate indifference to his serious medical needs, in violation of the Eighth Amendment. The Eighth Circuit has held that, "[t]he Eighth Amendment requires prison officials to provide humane conditions of confinement, and [o]ne condition of confinement is the medical attention given to a prisoner." Aswegan v. Henry, 49 F.3d 461, 463-64 (8th Cir. 1995) (internal quotations and citations omitted). "To establish that the defendants' conduct violated the Eighth Amendment's prohibition against cruel and unusual punishment, [Plaintiff] must demonstrate that the individual defendants were deliberately indifferent to his serious medical needs." White v. Boydston, 2007 WL 522312 at *5 (E.D. Mo. Feb. 14, 2007) (citations omitted).

> There is both an objective and subjective component to a claim of deliberate indifference. A plaintiff must demonstrate (1) that [he] suffered objectively serious medical needs[4] and (2) that the prison officials actually knew of but deliberately disregarded those needs.

Tlamka v. Serrell, 244 F.3d 628, 633 (8th Cir. 2001) (internal quotations and citation omitted). A prison official acts with the requisite deliberate indifference when that official, "knows of and

---

[4] "Serious medical need has been defined as a medical need which has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." Wilson v. CMS Medical Services, 2007 WL 763092 at *5 (E.D. Mo. Mar. 9, 2007) (internal quotations and citations omitted).

disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [s]he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 1979, 128 L.Ed.2d 811 (1994).

Upon consideration, the Court finds Plaintiff's allegations against Defendant Wilhite survive her motion to dismiss. The Court first notes that at this juncture, Defendant Wilhite does not dispute Plaintiff suffered from an objectively serious medical need. Further, the Court finds that with his allegations that Defendant Wilhite ignored his later medical requests and eventually refused to see him, Plaintiff succeeds in asserting Defendant Wilhite knew of, but deliberately disregarded his serious medical need.[5] Tlamka, 244 F.3d at 633. Defendant Wilhite's Motion to Dismiss must therefore be denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Dismiss on Behalf of Geeneen Wilhite (Doc. No. 18) is **DENIED**.

---

[5] The Court recognizes Plaintiff has a long way to go in establishing that Defendant Wilhite exhibited deliberate indifference to his serious medical need, in light of his own admissions that she initially met with Plaintiff in a timely manner, referred him to Doctor Marzolf for further evaluation, and personally spoke to Defendants Holman and Nichols on his behalf in an effort to solicit their consent to the MRI. Viewing Plaintiff's allegations liberally, however, as it must for purposes of the instant motion, the Court finds Plaintiff's Complaint survives the instant Motion to Dismiss.

**IT IS FURTHER ORDERED** that Defendant Wilhite is granted until **Monday, September 21, 2009**, within which to file her Answer to Plaintiff's Amended Complaint.

Dated this 31st day of August, 2009.

                                          /s/ Jean C. Hamilton
                                          UNITED STATES DISTRICT JUDGE